## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHLEEN QUINN,                              :
                                             :            **CIVIL ACTION**
                    **Plaintiff,**           :
                                             :            **NO.**
          v.                                 :
                                             :
**SUN LIFE ASSURANCE COMPANY**               :
**OF CANADA d/b/a SUN LIFE FINANCIAL** :
                                             :
                    **Defendant.**           :

### CIVIL ACTION COMPLAINT

Plaintiff, KATHLEEN QUINN, by and through her attorney, Mary LeMieux-Fillery, Esq.

of the Law Offices of Eric A. Shore, P.C., as and for her Complaint against Defendant, SUN LIFE

ASSURANCE COMPANY OF CANADA d/b/a SUN LIFE FINANCIAL, hereby avers as

follows:

### PARTIES

1.     Plaintiff, KATHLEEN QUINN (hereinafter "Plaintiff"), was and still is a citizen

of Delaware, residing at 19631 Drummond Drive, Milford, Delaware 19963.

2.     Defendant, SUN LIFE ASSURANCE COMPANY OF CANADA d/b/a SUN

LIFE FINANCIAL (hereinafter "Defendant"), has offices located at One Sun Life Executive

Park, Wellesley Hills, MA 02481-5699.

### JURISDICTION

3.     Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which

give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the

terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. § 1331

because this action arises under 29 U.S.C. § 1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4.     Venue in the Eastern District of Pennsylvania is appropriate because Defendant conducts business and is subject to personal jurisdiction in the judicial district and maintains contacts in the judicial district sufficient to subject it to personal jurisdiction.

5.     Pursuant to 28 U.S.C. § 1391(a)(1) and § 1391(c), this action is properly venued in the Eastern District of Pennsylvania.

**FACTS**

6.     Plaintiff was employed as a Registered Nurse for Christina Care Health Services, and at all times was a participant and/or beneficiary under Christina Care Health Services' Short-Term Disability ("STD") and Long-Term Disability ("LTD") plans.

7.     Plaintiff had a strong work history working for Christina Care Health Services prior to filing for STD and LTD insurance benefits.

8.     The STD and LTD plans are employee welfare benefit plans specifically covered under ERISA, 29 U.S.C. § 1002(2)(A).

9.     At all times material herein, Defendant made and/or participated in making all benefits decisions under the STD and LTD plans.

10.     During Plaintiff's employment with Christina Care Health Services, Defendant issued both short- and long-term group disability income policies (hereinafter the "Policies").

11.     At all times hereinafter mentioned, said Policies of insurance were issued for the benefit of certain eligible employees in exchange for the payment of premiums by Christina Care Health Services and/or its employees.

12.    At all times mentioned herein, Plaintiff was and is an employee eligible for short- and long-term disability benefits as an insured under the Policies.

13.    The LTD plan provided, among other things, that disability insurance benefit payments will be made to Plaintiff if Plaintiff, during the elimination period and the next twelve (12) months, because of injury or sickness, is unable to perform the material and substantial duties of her own occupation. After total or partial disability benefits combined have been paid for twelve (12) months, the employee will continue to be totally disabled if she is unable to perform with reasonable continuity any gainful occupation for which she is or becomes reasonably qualified for by education, training or experience. In order to continue qualifying for LTD benefits beyond the own occupation period twelve (12) months, Plaintiff must provide satisfactory proof that she was unable to perform any gainful occupation.

14.    Plaintiff suffered a fall at work on May 15, 2020, and suffered a concussion, nose fracture and knee injury.

15.    Following her fall and initial concussion, Plaintiff was diagnosed with post-concussive syndrome which causes significant cognitive and psychological symptoms including, persistent migraine headaches, dizzy spells, visual deficits, gait abnormalities, mobility abnormalities and post-concussive anxiety-depression.

16.    Plainitff filed for and was paid STD benefits from Defendant as Defendant determined that Plaintiff was unable to perform her occupation of a Registered Nurse after her fall.

17.    On July 29, 2020, Plaintiff's LTD claim was referred to Defendant's LTD department for review.

18.    On January 8, 2021, Defendant notified Plaintiff that her LTD benefits claim was approved and that they would conduct periodic updates to confirm her qualification for benefits.

3

19.     On March 3, 2021, Defendant notified Plaintiff that her LTD benefits claim was terminated as she was not totally disabled beyond September 30, 2020, based on the findings of Defendant's Board-Certified Neurologist Dr. Saima Siddiqui.

20.     On August 25, 2021, Plaintiff submitted a timely written appeal of that adverse determination.

21.     Defendant submitted Plaintiff's claim for review to Dr. David Maroof, Ph.D., who is Board Certified in Neuropsychology.

22.     On December 16, 2021, Defendant completed their review of Plaintiff's appeal and determined that she was due LTD benefits for a closed period of time from October 1, 2020, through August 12, 2021, and paid those benefits, while continuing to deny LTD benefits beyond August 12, 2021.

23.     On March 23, 2022, Plaintiff submitted a timely written appeal of Defendant's adverse determination of the denial of her LTD benefits beyond August 12, 2021.

24.     On February 2, 2023, Defendant issued a final administrative denial of Plaintiff's claim for LTD benefits beyond August 12, 2021.

25.     As of August 12, 2021, Plaintiff's LTD coverage was in full force and effect and Plaintiff was an eligible employee.

26.     From August 12, 2021, to the present, Plaintiff has been disabled within the meaning and pursuant to the terms of the LTD policy as she is unable to perform the material and substantial duties of any gainful occupation, as required by the policy.

27.     Plaintiff's disability is caused by post-concussive syndrome which causes significant cognitive and psychological symptoms including, persistent migraine headaches, dizzy

4

spells, visual deficits, gait abnormalities, mobility abnormalities and post-concussive anxiety-depression.

28.     Plaintiff cooperated with the Defendant in all respects, provided proper proof of loss in support of her claims, and otherwise complied with the terms and conditions of the Policies regarding the filing and maintenance of the claims.

29.     Pursuant to the Policies, Defendant has been obligated to pay periodic payment of monthly long-term disability benefits to Plaintiff since August 12, 2021.

30.     Despite Plaintiff's continued total disability, Defendant has denied LTD payments to Plainitff except for the closed period of October 1, 2020, through August 12, 2021, and continues to refuse to pay said benefits pursuant to the Policies, although payment thereof has been duly demanded.

31.     Said refusal on the part of the Defendant is a willful and wrongful breach of the Policies' terms and conditions.

32.     Defendant afforded little weight to the opinions of Plaintiff's treating physicians who clearly opined that she has continuously been unable to work since August 12, 2021, due to her disabling conditions.

33.     Defendant's denial of Plaintiff's disability insurance benefits is unreasonable and unsupported by substantial evidence and, as such, constitutes a breach of fiduciary duty.

34.     Defendant's unreasonable and unsupported denial of Plaintiff's disability insurance benefits is evidenced by the number of procedural irregularities in its claim handling, including but not limited to: the failure to consider the impact of Plaintiff's physical and mental conditions and limitations on her ability to perform all of the essential duties of her regular occupation or any occupation; the refusal to consider Plaintiff's credible subjective complaints about her inability to

5

work; the reliance upon a selective review of medical records to reach a result oriented claim determination; the failure to utilize appropriately qualified and unbiased medical personnel to reach decisions and/or render opinions on levels of impairment; the biased and flawed vocational consideration on Plaintiff's claim; the failure to perform a fair and neutral evaluation of Plaintiff's medical condition and associated restrictions and limitations; and other biased claim handling.

35.    Defendant's claim handling resulted in numerous violations of 29 C.F.R. § 2560.503-1 et. seq.

36.    Defendant's claim handling failed to provide Plaintiff with a full and fair review of her claim. More specifically, Defendant failed to comply with the requirements of 29 C.F.R. § 2560.503-1(h)(4)(ii) by rendering an adverse benefit determination based on a new or additional rationale without affording Plaintiff an opportunity to review and respond to it first.

37.    Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and frustrated Plaintiff from receiving a full and fair review of her claims.

38.    Plaintiff has attempted to exhaust/has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plans.

39.    By reason of the foregoing claims conduct, Defendant failed, by operation of law, to establish and follow reasonable claims procedures that would yield a decision on the merits of her claims pursuant to 29 C.F.R. § 2560.503(1).

40.    Because Defendant failed to satisfy the minimal procedural safeguards set forth in 29 C.F.R. § 2560.503(1), Defendant's adverse benefit determination is not entitled to any judicial deference.

41.    Defendant willfully failed to comply with ERISA regulations.

42.     Monthly disability insurance benefit payments to Plaintiff are continuing to be due and payable by Defendant with the passage of each month.

43.     Plaintiff is entitled to receive the total life-time benefit of the plans discounted to present value, due to Defendant's arbitrary and capricious decision to deny Plaintiff's benefits.

44.     Plaintiff is entitled to receive, in addition to the benefits due under the plans of insurance, reimbursement for reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. 1132(g).

**WHEREFORE,** Plaintiff, Kathleen Quinn, demands judgment in her favor and against Defendant together for:

A.     Payment of all benefits in arrears due and owing since the denial of benefits, plus interest;

B.     The total lifetime benefit under the plans discounted to present value;

C.     Attorneys' fees and costs of suit;

D.     Interest and delay damages; and,

E.     Any other further relief this Court deems just proper and equitable.

By:     */s/Mary LeMieux-Fillery, Esq.*
**MARY LEMIEUX-FILLERY, ESQUIRE**
(P.A. ID 312785)
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Telephone: (267) 546-0132
Telefax: (215) 944-6124
Email: Maryf@EricShore.com
*Attorney for Plaintiff, Kathleen Quinn*

Date:    03/03/2023

7

**VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

03/03/2023

(Date Signed)

Electronically Signed                                          2023-02-27 14:18:10 UTC - 73.39.121.59

Nintex AssureSign®                                            e3b3a8a9-3226-4ee3-ae39-afb600e690f6

Kathleen Quinn